THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
BENJAMIN FEIN, Appellant.

First Department, May 29, 1914.

**Crime — assault, second degree — blow not shown to have caused bodily
harm.**

A defendant cannot be convicted of assault in the second degree, under
subdivision 3 of section 242 of the Penal Law, where the proof is that,
having no weapon, he merely struck the complainant without wound-
ing him, or causing blood to flow, or breaking the skin, or causing any
injury, or that severe pain was inflicted, etc. Proof that the defendant
wounded or inflicted grievous bodily harm upon another was necessary
to a conviction.

*It seems,* however, that the defendant might have been convicted of
assault in the third degree.

APPEAL by the defendant, Benjamin Fein, from a judg-
ment of the Court of General Sessions of the Peace of the
county of New York, rendered against him on the 23d day of
January, 1914, convicting him of the crime of assault in the
second degree.

*Charles G. F. Wahle,* for the appellant.

*Robert C. Taylor,* for the respondent.

DOWLING, J.:

We are satisfied upon this record that the complaining wit-
ness, Sergeant Sheridan, was assaulted by the defendant in the
manner described by the complainant; but the only testimony
which indicates the nature of the assault made upon him is
that the defendant struck Sheridan in the ear. Concededly,
there was no weapon in the defendant's hand at the time.
There is an absence of any proof that the complainant was
wounded in any way; or that blood was caused to flow; or that
the skin was broken; or that any injury whatever was caused
to him thereby; or that severe pain was inflicted; or even that
the blow itself was a severe one. The defendant has been con-
victed of assault in the second degree under subdivision 3 of sec-
tion 242 of the Penal Law, which renders liable for assault in
the second degree one who " wilfully and wrongfully wounds

or inflicts grievous bodily harm upon another, either with or without a weapon." While the defendant was proven guilty of an assault, the testimony fails to disclose the presence of the necessary element of wounding or inflicting grievous bodily harm. It was, therefore, an assault in the third degree only (Penal Law, § 244), and the defendant's conviction of the higher grade of crime cannot be sustained. Against the conclusion thus reached the district attorney has found himself unable to present any argument.

The judgment of conviction will, therefore, be reversed and a new trial ordered.

INGRAHAM, P. J., MCLAUGHLIN, LAUGHLIN and HOTCHKISS, JJ., concurred.

Judgment reversed and new trial ordered. Order to be settled on notice.